# **EXHIBIT 8**

From: Bowman, Christopher (CSC) <christopher.bowman@state.ma.us>
Sent: Thursday, February 18, 2021 3:42 PM
To: Brian M. Maser <BMaser@k-plaw.com>; ████████@yahoo.com
Cc: Diaz, Medes (CSC) <medes.diaz@state.ma.us>
Subject: ████████ v. Town of Belmont, CSC Case No. D1-21-012

## PROCEDURAL ORDER

1. On December 31, 2020, the Appellant, ████████ (Appellant), filed an appeal with the Civil Service Commission (Commission), contesting the decision of the Town of Belmont (Town)'s Police Department to terminate her employment as a permanent, full-time police officer. The Appellant's appeal was filed under G.L. c. 31, s. 42 (Procedural Appeal) and s. 43 (Just Cause Appeal).

2. On February 16, 2021, I held a remote pre-hearing conference via Webex videoconference which was attended by the Appellant, who appeared pro se, counsel for the Town, the Town's Police Chief and the Town's Director of Human Resources.

3. As part of the pre-hearing conference, the parties stipulated to the following, unless otherwise noted:

    A. The Appellant has been employed by the Town as a police officer since June 3, 2013.
    B. After a local appointing authority hearing before a hearing officer on October 14, 2020, the Appellant was terminated.
    C. According to the Appellant, she received notice of the termination, with the civil service law attached, on December 16, 2020.
    D. Ten business days after December 16th, the Appellant filed an appeal with the Commission.

4. The Town argues that it followed the proper procedures and had just cause to terminate the Appellant for untruthfulness. Specifically, according to the Town, the Police Chief, shortly after being promoted to that position, reviewed the medical files of certain police officers who had been out on injured leave, including the Appellant. According to the Town's Police Chief, those files contained notes from a licensed social worker who had previously provided counseling to the Appellant prior to her employment with the Town. According to the Town, those notes state that the Appellant acknowledged using illegal drugs at the time. The Town argues that, when asked during the hiring process in 2013, the Appellant was asked if she had ever used illegal drugs and she answered "no". According to the Town, the District Attorney's was notified of the Appellant's alleged untruthfulness and the Appellant was placed on a so-called "Brady List".

5. The Appellant, who was represented by counsel at the local Appointing Authority

hearing, but is currently pro se, argued that it was impermissible for the Town to have access to those records and that any disciplinary action related to those records is not justified. Further, the Appellant argued that, at the time she met with the social worker in question, she was 19 or 20 years old, was the victim of domestic violence; and her answers must be viewed in the proper context.

6. The Appellant plans to obtain new counsel to represent her before the Commission.

7. In order to ensure that the Appellant has sufficient time to obtain counsel and prepare for a full hearing, I allowed the parties to select a mutually acceptable full hearing date approximately 90 days out, with a status conference to be held approximately 45 days prior to the scheduled full hearing. Notices for the status conference and full hearing will be sent under separate cover.

8. I asked the Town to, forthwith, provide the following documents (via email only) to the Commission: the hearing officer's report from the local appointing authority hearing and the briefs submitted to the hearing officer from both parties.

9. While the status conference will provide an opportunity to review the logistics of preparing for a full hearing, the following information is meant to provide a helpful head start regarding such preparation:

    - Protocols for Remote Full Hearings conducted by the Civil Service Commission can be found at: **Protocols for Remote Full Hearings**
    - Exhibits will need to be submitted to the Commission electronically, with a separate exhibit list. A sample is attached.
    - I have attached a sample template for an exhibit list and a sample of how exhibits should be prepared.
    - Each party will need to submit a participant list that includes the names of all hearing participants and their email addresses.
    - I have attached a template that can be used to provide this information to the Commission.

**Webex Technical Resources**

Test meeting link: https://www.webex.com/test-meeting.html

Tips / support link:
https://ots.evansville.edu/support/Files/Quick%20Guide_UE%20WebEx%20Attendees.pdf

SO ORDERED.

/s/ Chris Bowman

**Christopher C. Bowman**
*Chairman*
Massachusetts Civil Service Commission
Direct line: (617) 979-1902
christopher.bowman@mass.gov

www.mass.gov/csc

  

SAMPLE EXHIBI...NG.pdf    SAMPLE EXHIBI...ST.xlsx    SAMPLE PARTI...ST.xlsx