# EXHIBIT 9

**From:** Quinan, Rob (CSC) <rob.quinan@state.ma.us>
**Sent:** Friday, May 7, 2021 5:24 PM
**To:** Brian M. Maser <BMaser@k-plaw.com>; zhammond@sulmanlaw.com
**Cc:** Bowman, Christopher (CSC) <christopher.bowman@state.ma.us>;
jsulman@sulmanlaw.com
**Subject:** Re: ▇▇▇▇▇▇ v. Belmont (CSC Case No. D1-20-012)
**Importance:** High

Good afternoon, counsel (and with sincere apologies that this email is arriving in your in-
boxes so late on a Friday afternoon):

Thank you both very much for your respective submissions following the pre-hearing
conference we conducted in the above-referenced case last Tuesday.  In examining
issues of privilege and admissibility of evidence that have been raised to date in this
case, another potential issue has surfaced.  As you may know, Federal law generally
protects the confidentiality of information about a person's participation in a substance abuse
treatment program. *See* 42 U.S.C. § 290dd-2; 42 C.F.R. §§ 2.1-2.67.  The scope of this law
appears to be quite broad.  *See* 42 C.F.R. §§ 2.11, 2.12.  Under the law, any record concerning the
identity, diagnosis, prognosis, or treatment of a patient is confidential and may not
be disclosed unless certain limited exceptions apply.  *See* 42 U.S.C. § 290dd-2(a).  In the absence
of an exception, it appears that covered records may not be used in any civil, criminal, or
administrative proceeding.  42 C.F.R. § 2.13(a).

Given appellant ▇▇▇▇▇▇ objection to the respondent Town's proposed exhibit  3 (Kenmore
Notes – March 9, 2016), and the seeming centrality of this exhibit to this appeal, I need to
ask each side to brief for the presiding commissioner the applicability, or lack thereof, of
the above-referenced Federal statute and regulations to this contested medical
documentation.  The Commission intends to postpone rulings on objections to exhibits
and subpoenas until the parties' positions are articulated in writing.  Please provide your
submissions via email (cc'ing both Commissioner Bowman and myself) no later than
noontime on Monday, May 17, 2021 (and sooner if possible).  We will convene again as
planned on Tuesday, May 18 at 9:30 a.m.  However, this session will be converted to a
further pre-hearing conference.  Should the Town concede the prima facie applicability of
this Federal law, the appointing authority should be prepared to state whether it wishes
an opportunity to seek a court order authorizing it to introduce in evidence its proposed
exhibit 3, or if it wishes to proceed to an evidentiary hearing with evidence other than
information reflected in this exhibit and other than testimony of the contributors to this
exhibit.  If the latter, we will select a new date on May 18 (as soon thereafter as feasible)
for the start of evidentiary proceedings.

Your anticipated cooperation is much appreciated.

Rob Quinan

Robert L. Quinan, Jr.