# **EXHIBIT 10**

COMMONWEALTH OF MASSACHUSETTS
CIVIL SERVICE COMMISSION

**SUFFOLK, ss.**  One Ashburton Place - Room 503
Boston, MA 02108
(617) 727-2293

███████████
          Appellant,  D1-21-012

**TOWN OF BELMONT**,
          Respondent.

Appellant's Attorney:  Zachary H. Hammond, Esq.
Law Offices of Joseph L. Sulman
391 Totton Pond Road, Suite 402
Waltham, MA 02451

Respondent's Attorney:  Brian M. Maser, Esq.
KP Law, P.C.
101 Arch Street
Boston, MA 02110

Commissioner:  Paul M. Stein

## PROCEDURAL ORDER ISSUED MAY 18, 2021

The Appellant, ███████, appealed to the Civil Service Commission (Commission) contesting the decision of the Town of Belmont (Belmont), terminating her from her position as a Police Officer with the Belmont Police Department (BPD). Pursuant to prior procedural orders, the parties submitted a number of proposed exhibits and requests to subpoena certain witnesses that raised certain procedural and legal issues concerning, among other things, the admissibility of certain medical and other evidence. These issues include:

(1) A proffer by the Respondent, to which the Appellant objects pursuant to 42 U.S.C. § 290dd-2 and related regulations at 42 C.F.R. §§ 2.11 - 2.67 (hereinafter abbreviated as 42 U.S.C. § 290dd), of medical records (including, in particular, proffered Respondent's Exhibit 3) containing information concerning the Appellant's alleged past treatment for substance abuse, one of the core reasons underlying the decision to terminate the Appellant (for

1

allegedly lying about such alleged abuse when she applied to become a BPD police officer) which alleged history of abuse the Appellant denies.

(2) Requests by the Respondent to approve subpoenas for two licensed social workers who have met with the Appellant at various times, which the Appellant opposes, claiming the social worker-client privilege under G.L. c. 112, § 35B.

(3) Requests by the Respondent to approve subpoenas for the Appellant's father and mother who are allegedly percipient witnesses to other related history of misconduct (about which the Respondent contends the Appellant lied in her application to become a BPD police officer, and which the Appellant denies).

(4) Proffer by the Respondent of a video and related business records purporting to show the Appellant engaged in certain questionable activities at a date after the termination from employment which is the subject of this appeal.

(5) Request by the Respondent to approve a subpoena of an alleged percipient witness as to some of the Appellant's post-termination activities reflected in the video or other business records.

The Commission requested and received briefs from the parties setting forth their positions on the disputed legal issues. A status conference was held via videoconference (Webex) before me and the Commission's General Counsel on May 18, 2021 to address these matters, which was recorded, with a copy of the link to the recording having been provided to the parties. This Procedural Order is issued to set forth the Commission's interim rulings and procedures for the speedy and efficient adjudication of the disputed issues presented.

First, as to the admissibility of the proffered evidence of treatment for alleged substance abuse (e.g. Respondent's Exhibit 3), the record before me presents a clear and actual controversy as to

whether the Commission is permitted to accept such evidence in this administrative proceeding within the parameters defined by 42 U.S.C. §290dd, by which this Commission is bound. In the absence of a determination by a court of competent jurisdiction that there is good cause to allow the evidence to be introduced, I find that I would be obliged to exclude that evidence at this time on the grounds that the Appellant did not provide an appropriate authorization compliant with the requirements of 42 U.S.C. §290dd that would permit the introduction of that evidence without a court order. As this evidence is the essential basis for the principal reason that the Respondent proffers to support its decision to terminate the Appellant, and a resolution of this disputed issue is critical to a fair and orderly adjudication of this appeal, the parties will be afforded the opportunity to seek a determination from a court of competent jurisdiction of their dispute regarding admissibility, and the Commission's evidentiary hearing will be deferred until such time as that process has been exhausted. The parties are expected, however, to cooperate to obtain a resolution as promptly as possible.

Second, I am persuaded that the social worker/client privilege applies to bar the testimony of the two social workers whose testimony the Respondent has requested. By contrast, I do find that the Appellant's mother may have percipient evidence on a relevant issue and so I will approve the subpoena for her testimony. I defer, however, a decision on the request for a subpoena of the Appellant's father at this time, pending further consideration of his testimonial capacity.

Third, I am persuaded that the proffered video allegedly showing post-termination activity by the Appellant, and related business records, must be excluded at this time and, further, that the subpoena of the witness with alleged percipient knowledge of that activity must be denied at this time, as the reasons for the Appellant's termination provided to the Appellant by the Respondent

do not refer to that activity and, therefore, that alleged misconduct is not presently properly before the Commission as a reason to support the Respondent's decision. <u>See</u>, <u>e.g.</u>, G.L. c. 31, §41, ¶1.

Accordingly, it is hereby ORDERED:

1. The Commission defers a decision on the admissibility of the medical evidence concerning the Appellant's alleged substance abuse (drug and/or alcohol) pending a determination from a court of competent jurisdiction of the controversy between the parties as to the good cause for admissibility and/or other use of that evidence at the evidentiary hearing of the Appellant's pending appeal before this Commission;

2. The requests for subpoenas to the Appellant's mother, ███████, is approved and the subpoena will be so endorsed.

3. The requests for subpoenas to the two social workers – Gail Marsh and Allison Elderkin – are denied.

4. The Commission defers decision on the Respondent's request to subpoena the Appellant's father at this time.

5. The proffer of the video allegedly showing post-termination activity by the Appellant, and related business records, is excluded at this time and the subpoena of the witness with alleged percipient knowledge of that activity is denied at this time.

6. An evidentiary hearing of this appeal will be scheduled for July 21, 2021 and July 23, 2021, to afford the parties time to pursue the request for a judicial decision on the disputed issue of law under 42 U.S.C. §290dd.

7. The parties shall report the status of the matter to the Commission on or before June 25, 2021 and, if the matter is on track for hearing as scheduled above, the parties will be

4

expected to provide the Commission with a final list of witnesses and exhibits on or before June 30, 2021.

.
                                                                */s/ Paul M. Stein*
                                                                Paul M. Stein
                                                                Commissioner

DATED: May 18, 2021

Notice To:
Zachary H. Hammond, Esq.
Brian M. Maser, Esq.